```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____               │
│ DATE FILED: Nov. 4, 2013             │
└─────────────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------X
ANNA EFIMOVNA KHALDEI,           :
                                 :
          Plaintiff,             :
                                 :        No. 10 Civ. 8328 (JFK)
     -against-                   :
                                 :        **OPINION & ORDER**
KALMAN KASPIEV,                  :
                                 :
          Defendant.             :
------------------------------X

**JOHN F. KEENAN, United States District Judge:**

In an opinion filed August 8, 2013, Magistrate Judge Gorenstein denied Plaintiff Anna Efimovna Khaldei's motion for spoliation sanctions against Defendant Kalman Kaspiev. See Khaldei v. Kaspiev, --- F. Supp. 2d ----, 2013 WL 4016497 (S.D.N.Y. Aug. 7, 2013). Plaintiff has filed an objection to Judge Gorenstein's decision, and renews her request for sanctions before this Court. The Court heard oral argument on the objection on October 22, 2013. For the reasons that follow, the objection is overruled and Judge Gorenstein's opinion is affirmed in its entirety. This ruling does not address the parties' pending cross-motions for summary judgment.

## I.  Background

### A.  The Underlying Facts

The Court assumes familiarity with the facts of this case. Briefly stated, Plaintiff is the daughter and heir of the late photographer Evgeny Khaldei ("Evgeny"). Plaintiff alleges that

in March 1997, shortly before his death, Evgeny entered into an agency agreement with Defendant whereby Defendant would act as Evgeny's worldwide agent for twenty years for the "promotion and sale of photographs produced for sale from the negatives."  The next day, Evgeny entered into a licensing agreement with Corbis, a digital archive that licenses images to third parties.  Among other provisions, the Corbis agreement called for Evgeny, Defendant, and Corbis to select images for licensing, and for Evgeny to transport the original negatives they selected to Corbis, which would return them to Evgeny after scanning them. However, Defendant later instructed Corbis to return the negatives directly to him.  Defendant asserts that he did this because Evgeny had wanted to give or sell the images to the U.S. Library of Congress.  The negatives returned to Defendant by Corbis, as well as a disputed number of photographs given by Plaintiff to Defendant after Evgeny's death in December 1997 (collectively, the "Materials"), are at the heart of this lawsuit.

The discovery process has been difficult since the beginning of this action, as Judge Gorenstein thoroughly set forth in his opinion. See Khaldei, 2013 WL 4016497, at *1-3.  As relevant to the instant application, Plaintiff argues that Defendant consistently concealed records and evidence regarding

the location of the Materials.  Plaintiff repeatedly sought to inspect the Materials, but Defendant refused to disclose their location, which was his residence.  Defendant had stored the Materials in various locations over the years, but moved them on March 8, 2011 from his apartment to a storage locker at Manhattan Mini Storage, LLC.  Because the parties could not agree on a preservation order, this Court entered an order directing the impoundment of the Materials on March 29, 2011. Since then, Defendant has come forward three times with additional photographs to deposit with the Court.

**B.    The Motion for Sanctions and Judge Gorenstein's Opinion**

The parties fully briefed cross-motions for summary judgment before this Court in April.  Notwithstanding these motions, on May 15, 2013, Plaintiff's counsel sought leave from Judge Gorenstein to file a separate motion for spoliation sanctions.  In his letter to Judge Gorenstein, counsel asserted that the Materials' "situation in their place of storage at the commencement of the litigation was evidence" that Defendant destroyed when he moved the Materials from his apartment to Manhattan Mini Storage.  Judge Gorenstein allowed the motion but stated in his memo endorsement, "It is not clear why Rule 37 — let alone the legal doctrine of spoliation — applies to the situation described." (ECF No. 94.)

3

Plaintiff filed her motion on June 6, 2013.  In it, she argued that Defendant intentionally destroyed "physical evidence" by moving the Materials.  Plaintiff sought a "stringent" sanction:  that Defendant be precluded from testifying that he deposited with the Court all of the Materials.

On August 7, 2013, Judge Gorenstein denied Plaintiff's motion in its entirety. See Khaldei, 2013 WL 4016497.  Judge Gorenstein flatly rejected Plaintiff's contention "that the act of moving the photographs to Manhattan Mini Storage constituted the destruction of evidence relevant to this case." Id. at *5.  Because no evidence was destroyed, Plaintiff was not entitled to spoliation sanctions.  Judge Gorenstein also wrote that Defendant had no notice of an obligation to keep the Materials in exactly the same place throughout the litigation. Id. at *5-6.  Nor did he find any evidence that Defendant acted with a culpable state of mind. Id. at *6.  Judge Gorenstein therefore concluded that Plaintiff had not shown any of the three necessary elements of a spoliation claim, and denied the motion.

## II.  Discussion

### A.   Relevant Legal Standards

When a party files an objection to a magistrate judge's order on a non-dispositive matter, the district judge to whom

the case is assigned must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  "An order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." E.g., Surles v. Air France, 210 F. Supp. 2d 501, 502 (S.D.N.Y. 2002). It is contrary to law if "it fails to apply or misapplies relevant statutes, case law or rules of procedure." E.g., MacNamara v. City of New York, 249 F.R.D. 70, 77 (S.D.N.Y. 2008).  This is a highly deferential standard, and the objector thus carries a heavy burden. U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc., No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); see also Lugosch v. Congel, 443 F. Supp. 2d 254, 276 (N.D.N.Y. 2006) (noting that particular deference is due where "the magistrate judge has been deeply involved in discovery matters in the case for years").

A party seeking sanctions for spoliation must establish "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the evidence was destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense." Centrifugal Force, Inc. v. Softnet Commc'n, Inc., 783 F. Supp. 2d 736, 741 (S.D.N.Y. 2011) (Gorenstein, J.)

(citing <u>Byrnie v. Town of Cromwell, Bd. of Educ.</u>, 243 F.3d 93,
107-09 (2d Cir. 2001)) (internal quotation marks and alterations
omitted).  The court may grant sanctions if they would

> serve the threefold purpose of (1) deterring parties
> from destroying evidence; (2) placing the risk of an
> erroneous evaluation of the content of the destroyed
> evidence on the party responsible for its destruction;
> and (3) restoring the party harmed by the loss of
> evidence helpful to its case to where the party would
> have been in the absence of spoliation.

<u>Chin v. Port Auth. of N.Y. & N.J.</u>, 685 F.3d 135, 162 (2d Cir.
2012) (alterations omitted).

## B.   Analysis

The Court agrees with Judge Gorenstein that Plaintiff's
request for sanctions flows from a fundamentally flawed premise.
Notwithstanding Plaintiff's contention that "[w]hen Defendant
secretly moved Plaintiff's property, he destroyed the evidence
of what materials were at the original location" (Pl. Br. at 9),
the mere act of moving the Materials did not constitute
spoliation.

In support of her position, Plaintiff cites cases in which
a negligently installed heater and siding were removed from
houses. (Pl. Br. at 18 (citing <u>Cmty. Assoc. Underwriters of Am.,</u>
<u>Inc. v. Rhodes Dev. Grp., Inc.</u>, No. 09 Civ. 257, 2013 WL 818596
(M.D. Pa. Mar. 5, 2013) (heater); <u>Fines v. Ressler Enters.,</u>
<u>Inc.</u>, 820 N.W.2d 688 (N.D. 2012) (siding)).)  Contrary to

Plaintiff's claim that those negligence cases are "similar to this one," they are obviously and materially distinguishable. The removed items were actually installed in place before being removed by the plaintiffs, and such installation was highly probative of the complained-of tort.  By contrast, the instant case concerns photographs and negatives, items that cannot be "installed."  Similarly, the fact that Defendant apparently moved the Materials from his apartment to a storage locker has no bearing the substance of Plaintiff's claims.

Plaintiff urges that her "motion is not about what materials that Defendant surrendered, but rather focuses on her thwarted effort to determine whether Defendant withheld other property of hers." (Pl. Br. at 12.)  This assertion is puzzling. If the charge is that Defendant may have hidden certain Materials while moving others to the storage locker, presumably he could have also hidden them at any time before or after that. Regardless, there is no compelling evidence that Defendant acted in bad faith when he moved the property from his apartment to storage, Plaintiff's insinuations aside.

Plaintiff's other arguments are similarly unavailing, and none come close to meeting the standard under Rule 72(a). First, she notes that Defendant has come forward and deposited additional Materials with the Court since the initial

impoundment order.  If anything, this is indicative of good
faith, not bad.  Second, Plaintiff emphasizes that Defendant did
not initially disclose the location of the Materials during the
early phases of discovery in 2011.  This issue was litigated
more than two years ago, and was ultimately resolved by the
Court's impoundment order; it seems irrelevant today.  Third,
Plaintiff notes that Defendant failed to produce his contract
for the storage locker at Manhattan Mini Storage.  But Plaintiff
was not prejudiced by this failure, because Manhattan Mini
Storage gave a copy to Plaintiff upon her request.  Finally,
Plaintiff's reply includes a bizarre digression regarding
whether Defendant's use of the words "possession" and "control"
are so contradictory that Defendant's attorneys should be deemed
to have "waived the attorney-client privilege regarding what
they heard from Defendant in that regard." (Reply at 3-4.)  This
argument is incoherent, unpersuasive, and utterly beside the
point.  Judge Gorenstein was correct to reject this and the rest
of Plaintiff's contentions.  His ruling is affirmed.

### III. Conclusion

For the foregoing reasons, Plaintiff's objection is
overruled and Magistrate Judge Gorenstein's opinion is affirmed
in its entirety.

At oral argument on October 22, 2013, counsel for the parties indicated their amenability to making another attempt at settlement of this case.  If they have not already done so, counsel are directed to contact Judge Gorenstein's chambers to schedule a settlement conference.  They are further directed to file a joint letter no later than ten days after the conference, advising this Court of the results.


**SO ORDERED.**

Dated:      New York, New York
            November 3  , 2013

                                    John F. Keenan
                               United States District Judge