UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ANNA EFIMOVNA KHALDEI,                :
                                      :
                    Plaintiff,        :
                                      :   No. 10 Civ. 8328 (JFK)
          -against-                   :   **MEMORANDUM OPINION & ORDER**
                                      :
KALMAN KASPIEV,                       :
                                      :
                    Defendant.        :
-----------------------------------X

JOHN F. KEENAN, United States District Judge:

The Court has reviewed three letters from Plaintiff's counsel and one letter from Defendant's counsel regarding Plaintiff's application for reconsideration of the Court's December 5, 2013 Opinion.

The standards controlling a motion for reconsideration are set forth in Local Civil Rule 6.3 and Rule 60(b) of the Federal Rules of Civil Procedure. Under these strict standards, reconsideration should be denied "unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A Rule 6.3 motion "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." In re Houbigat, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).

Plaintiff urges that this Court overlooked her argument that "service of process in New Jersey provided constructive notice to Defendant of the New Jersey lawsuit." As the Court noted in its Opinion, however,

> Plaintiff specifically relies on New Jersey Court Rule 4:4-4(a)(1), which confers personal jurisdiction where service is made by leaving a copy of the summons and complaint "at the individual's dwelling place or usual place of abode with a competent member of the household." The parties agree that the rule has been interpreted to refer to where the individual is actually living on the date service is attempted. (Def. Br. at 11; Oral Arg. Tr. at 3.) See also Fid. & Deposit Co. of Md. v. Abagnale, 234 A.2d 511, 519 (N.J. Super. Ct. Law Div. 1967) (collecting cases).

Khaldei v. Kaspiev, No. 10 Civ. 8328, 2013 WL 6331794, at *5 (S.D.N.Y. Dec. 5, 2013). After concluding that Plaintiff had failed to demonstrate actual notice, the Court continued:

> Plaintiff insists that even if Defendant was not actually living with Ms. Otis on the date that service was attempted, he nevertheless must have been on notice of the suit because he received other mail at Otis's house. Even if true, this alone does not suffice to save the default judgment. See Lapatka Assocs., Inc. v. Merrett, No. L-13310-04, 2011 WL 2636975, at *2-3 (N.J. Super. Ct. App. Div. July 7, 2011) (unpublished opinion) (where service was not accomplished under Rule 4:4-4(a)(1), trial court "should have conducted a hearing to determine whether defendant had actual knowledge of the litigation"); Sobel v. Long Island Entm't Prods., Inc., 747 A.2d 796, 800-01 (N.J. Super. Ct. App. Div. 2000) (noting that "even without a violation of due process, a default judgment will be set aside for a substantial deviation from the service of process rules").

Id. at *6.

Plaintiff now argues that the Court should have more squarely addressed her proposition that constructive notice sufficed to make jurisdiction proper under the New Jersey Court Rules. The Court believes its ruling was perfectly plain, but will now be explicit: the caselaw cited in Plaintiff's briefs do not support her argument.

In her moving brief, Plaintiff cites Rudikoff v. Byrne, 242 A.2d 880 (N.J. Super. Ct. Law Div. 1968), for the proposition that "[a] defendant who fails to provide a new address when legally required is estopped from challenging service of process at the former address." (Pl. Br. at 9.) Rudikoff says the opposite. After determining that the purported service failed to comply with the relevant provision of the New Jersey Court Rules, the Rudikoff court set aside the service and vacated the default judgment. 242 A.2d at 884. Although that court allowed Plaintiff to reattempt service, it did not enforce the default judgment as Plaintiff seeks to do here.

Nor do the cases cited in Plaintiff's reply have any bearing whatsoever on the question, because none of them concern the New Jersey Court Rules which Plaintiff specifically relied upon in the prior motion. See Orix Fin. Servs., Inc. v. Kielbasa, No. 01 Civ. 1789, 2007 WL 4258207 (S.D.N.Y. Dec. 3, 2007) (concerning service under New York's CPLR); Yoram

3

Sholevich Ltd. v. Marcotex Int'l, Inc., No. 92 Civ. 8200, 1993 WL 60711 (S.D.N.Y. Feb. 26, 1983) (same); I.C.C. Metals v. Municipal Warehouse Co., 50 N.Y.2d 657 (1980) (New York case containing no discussion of service of process). Nor are they "controlling decisions" under the Rule 6.3 precedent. For all of these reasons, and because Plaintiff supplies no new support for her position, there is no basis for reconsideration of the prior ruling. See Shrader, 70 F.3d at 257. The motion is denied.

Plaintiff's submissions also discuss whether she should testify at the upcoming evidentiary hearing. The Court expects the essential question at the hearing will be "'whether defendant had actual knowledge of the litigation.'" Khaldei, 2013 WL 6331794, at *6 (quoting Lapatka Assocs., 2011 WL 2636975, at *2-3)). Counsel may call whoever they wish, but it is not clear to the Court how Plaintiff's testimony would be probative of that question. Accordingly, the hearing will not be adjourned.

**SO ORDERED.**

Dated:   New York, New York
         January 13, 2014

                                          _____
                                          John F. Keenan
                                          United States District Judge