```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug. 12, 2014
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------X
ANNA EFIMOVNA KHALDEI,          :
                                :
           Plaintiff,           :
                                :     No. 10 Civ. 8328 (JFK)
    -against-                   :     **MEMORANDUM OPINION & ORDER**
                                :
KALMAN KASPIEV,                 :
                                :
           Defendant.           :
-------------------------------X

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Plaintiff Anna Efimovna Khaldei's latest motion seeking reconsideration, this time of the Court's June 9, 2014 Opinion and Order. See 2014 WL 2575774.  In that ruling, the Court concluded that Plaintiff's New Jersey judgment of replevin against Defendant Kalman Kaspiev cannot be enforced in this action because Plaintiff failed to carry her burden of demonstrating that Defendant had been properly served with process of the New Jersey action.  Plaintiff now asserts that this Court's decision contained various errors of fact and law. Although she requests oral argument on the motion, a review of the papers reveals that argument would be cumulative, pointless, and dilatory. See Local Civil Rule 6.3.  For the reasons that follow, the motion for reconsideration is denied.

Plaintiff's arguments flow from several grievous misapprehensions.  First and foremost, Plaintiff's counsel has again misapprehended the standards controlling a motion for

reconsideration.  Although those standards go completely unmentioned in both of Plaintiff's briefs, they are well settled.  See, e.g., Khaldei v. Kaspiev, No. 10 Civ. 8328, 2014 WL 114350, at *1 (S.D.N.Y. Jan. 13, 2014); accord Local Civil Rule 6.3.  Briefly stated, reconsideration may be appropriate if the movant can "point to controlling decisions or data that the court overlooked."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Where no such controlling decisions or data exist, or where the court has considered and rejected the movant's position, reconsideration should not be sought.  E.g., Grand Crossing, L.P. v. U.S. Underwriters Ins. Co., No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008); In re Houbigat, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).  Thus, a movant may not use a reconsideration motion as an opportunity to repeat the same old arguments ad nauseam.  Using the motion to try out new theories, or to introduce new non-controlling caselaw, is equally improper.  See Walsh v. WOR Radio, 537 F. Supp. 2d 553, 555 (S.D.N.Y. 2008), aff'd, 326 F. App'x 589 (2d Cir. 2009).  Plaintiff's motion therefore fails at the outset, because it cites neither controlling law nor overlooked evidence.

    The second misapprehension which permeates Plaintiff's motion relates to the burden of proof.  Although Plaintiff

concedes that the burden was hers to prove the validity of service, at other times her motion seems premised on the idea that Defendant — or, bizarrely, this Court — was required to disprove the consistent position of Defendant and Otis that Defendant did not live with her in January 2001. See Pl. Moving Br. at 4 ("Kaspiev has failed to provide a convincing excuse for using the Long Branch address"); Pl. Reply. Br. at 4 ("Kaspiev cannot simply deny that he lived in Long Branch"); id. at 10 ("[N]either Kaspiev nor the Court has cited a single decision that vacated a default judgment while finding that the defendant's denial of residence at the relevant address lacked credibility.").  Plaintiff also repeatedly grouses that the Court drew an "adverse inference" against her in connection with Marina Otis, and now complains that the "Court did not address the argument for drawing an inference against Kaspiev." (Pl. Moving Br. at 8.)  Of course, Defendant was not obligated to call Otis (or anyone) at the hearing.  He nevertheless chose to submit an affidavit by Otis, which the Court credited because (1) Otis's statements contained therein were consistent with her 2001 letter to the New Jersey court, and (2) Plaintiff did not impeach her credibility by calling her to testify at the hearing. See 2014 WL 2575774, at *7.[1]

---

[1] Plaintiff now complains that the Court "did not explain why the

The Court further observes that much of Plaintiff's briefing seems baldly premised on her disagreement with the Court's findings and conclusions. For example, she urges no fewer than five times that her reading of the record is the only "logical" one. See Pl. Moving Br. at 2; id. at 3; Pl. Reply Br. at 1 (arguing that "the logical finding would be that Kaspiev continued to live in Long Branch at least until the next turn in his story"); id. (urging "the logical conclusion is that he still lived in Long Branch"); id. at 10; see also Pl. Moving Br. at 2 ("Many of the Court's inferences are illogical or contrary to fact."); Pl. Reply Br. at 5 ("The Court's conclusion is illogical and contrary to law."). Then and now, the Court simply disagrees with this ipse dixit for the reasons set forth in its Opinion. See 2014 WL 2575774, at *7-9. Although the Court concluded that Defendant had indeed lived with Otis "for at least some period before 2000," id. at *7, this alone simply did not suffice to carry Plaintiff's burden of showing that Defendant continued to actually live there on or around January

---

evidence at pp. 10-12 of Plaintiff's brief is not 'compelling.'" (Moving Br. at 13.) The Court believes its rationale for using that descriptor is self-evident, particularly as to Plaintiff's argument that Defendant and Otis are nefariously "deceiving the telephone company" by using a "family" cell phone plan. (Pl. Post-Hearing Br. at 12.) Moreover, it bears mentioning that two of the exhibits (Ex. 21 and Ex. 42) relied on in that section of the brief were not admitted in evidence at the hearing and so the Court did not consider them when it ruled. See 2014 WL 2575774, at *4.

4, 2001, after Defendant and Otis broke up, see id. at *9 ("The documentary record is ambiguous at best, and Otis's unimpeached affidavit supports the defense position."). Plaintiff's displeasure at this ruling is understandable, but is not itself a colorable basis for reconsideration. See Houbigant, 914 F. Supp. at 1001 (a party may not "reargue those issues already considered when [it] does not like the way the original motion was resolved"). Neither are her quibbles with, inter alia, the Court's word choice. See Pl. Moving Br. at 6 (complaining that "the Court's use of the word 'reconciled' blurs the deception by Kaspiev and Otis of how close they are now").

Plaintiff also seeks to reargue her contention, improperly raised for the first time after the hearing, that Otis should be deemed a "suitable agent for service of process" on Defendant because he registered "Abcot" as a trade name in 1997, and listed the Long Branch apartment as his address at that time. (Pl. Post-Hearing Br. at 24.) Plaintiff now claims that the Court erred in stating that "the New Jersey judgment has nothing to do with Abcot," 2014 WL 2575774, at *9, although she does not contend that the New Jersey pleadings name Abcot as a defendant. Plaintiff now cites three cases, none of which are new, controlling, or particularly relevant. See Bonneville Billing & Collection v. Johnston, 987 P.2d 600 (Utah 1999) (plaintiff sued

5

defendant in his individual capacity, named the trade entity in the suit, and validly effected service on the individual); Academy of IRM v. LVI Environmental Services, Inc., 687 A.2d 669, 671, 677 (Md. 1997) (upholding service of an order that addressed a party by its trade name, but only after the plaintiff had named both the party and its trade name in the initial lawsuit); McCall v. IKON, 611 S.E.2d 315 (S.C. Ct. App. 2005) (service upheld where corporate defendant was to blame for plaintiff's confusion about its corporate structure). These decisions thus provide no basis for reconsideration under the standard. See Davis v. The Gap, Inc., 186 F.R.D. 322, 324 (S.D.N.Y. 1999) (movant "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion").

    Plaintiff's remaining arguments are specious. First, she now claims that the Court's statements at the hearing about which evidence it would consider were "ambiguous." (Pl. Moving Br. at 13.) This contention is improper because it was not raised in Plaintiff's post-hearing brief, or in his supplemental brief concerning this very evidence. See Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988) (reconsideration rules "prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion

6

with additional matters"). The characterization is also absurd, as evidenced by the fact that counsel stated twice on the record that he understood the Court's ruling. (Hearing Tr. at 116.) Indeed, the very impetus for the colloquy at the hearing was that counsel was deciding whether to spend time moving documents into evidence. (Id. at 115.) Having then failed to do so, and having now utterly failed to identify any error in the Court's June 9, 2014 decision, its rulings will not be revisited.

Second, in a letter dated August 1, 2014, Plaintiff contends that the Court's December 2013 decision incorrectly rejected her argument "that Defendant's fiduciary duties preclude his challenge to the New Jersey judgment." But this argument is related to Plaintiff's constructive notice theory, which was considered and rejected (again) in the Court's last Opinion denying reconsideration. See Khaldei v. Kaspiev, No. 10 Civ. 8328, 2014 WL 114350, at *2 (S.D.N.Y. Jan. 13, 2014). Regardless, Plaintiff has never cited any authority for the curious proposition that the requirement of valid service, a fundamental tenet of due process, may be discarded where the target of the suit has breached a duty to the plaintiff.

Finally, Plaintiff's recycled arguments concerning Defendant's credibility, or his whereabouts at times other than January 2001, do not warrant yet another discussion. Suffice it

to say that Plaintiff falls well short of demonstrating that the high bar for reconsideration has been met.

In sum: the hearing will not be reopened, no new inferences will be made, no new theories will be entertained, and no "disputed" exhibits will be admitted. Plaintiff's reconsideration motion is denied, and the June 9, 2014 Opinion stands.

Subject to the parties' input at the conference on August 21, 2014, the Court believes that the next step in this case is for the parties to finally complete discovery and, if they so choose, renew their summary judgment motions. It is exceedingly unlikely that the Court would rule favorably on Plaintiff's contemplated motion for leave to take an interlocutory appeal.

**SO ORDERED.**

Dated: New York, New York
August 12, 2014

John F. Keenan
United States District Judge