

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

Margaret A. Dale
Member of the Firm
d 212.969.3315
f 212.969.2900
mdale@proskauer.com
www.proskauer.com

August 20, 2014

**By ECF**

The Honorable John F. Keenan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1930
New York, NY 10007-1312

Re:   *Khaldei v. Kaspiev*, 10 Civ. 8328 (JFK) (GWG)

Dear Judge Keenan:

We write on behalf of Defendant and Counterclaim-Plaintiff Kalman Kaspiev ("Kaspiev") in response to the August 19, 2014 letter from Plaintiff's counsel and in advance of tomorrow's conference.

Plaintiff's Proposed Renewed Motion for Summary Judgment

As we have previously advised the Court, we object to any further motions for summary judgment prior to the close of discovery in this case. It is within this Court's discretion to control the timing of the parties' motions for summary judgment. *Charter Nat'l Life Ins. Co. v. FPL Group Capital*, 95 Civ. 9067 (SAS), 1997 U.S. Dist. LEXIS 3815, at *2 (S.D.N.Y. Apr. 1, 1997) ("[C]ourts retain the discretion to dictate the timing of a motion. This discretion resides in 'the inherent power of every court to control the disposition of its cases on its docket with economy of time and effort for itself, for counsel and for litigants.'"). Discovery will never be complete if Plaintiff's counsel is permitted to file repeated motions in what increasingly appears to be a mere tactic to delay party depositions in this case.

With respect to Plaintiff's argument that New York's Arts and Cultural Affairs Law bars Kaspiev's claim to an ownership interest in the photographic prints impounded with the Court, we hesitate to set forth our position in this letter because we are in receipt of a Rule 11 safe harbor letter regarding this issue. Pursuant to the time period set forth in Rule 11, counsel has until September 2 to respond to Plaintiff's letter. Plaintiff's request that this issue be discussed at tomorrow's conference is a clear attempt to circumvent the time Defendant is entitled to under the Federal Rules to investigate the strength of Plaintiff's argument and to formulate a response.

**Proskauer»**

The Honorable John F. Keenan
August 20, 2014
Page 2

      Nonetheless, and without waiving our right to respond on September 2 after counsel completes a full inquiry into Plaintiff's argument, Defendant provides the Court with our preliminary response. The Arts and Cultural Affairs Law does not deprive Kaspiev of his claimed ownership interest in the photographic prints. That law has no application in the context of the prints since the prints were not consigned to Defendant by Plaintiff for "sale on a commission, fee or other basis of compensation . . . ." ARTS & CULT. AFF. § 12.01(1)(a). Moreover, even if the law applies (and we do not believe that it does), it would merely mean that when Kaspiev possessed the prints he held them in "trust" so that Plaintiff's right to repossess them could not be interfered with by any of Kaspiev's creditors. *See generally id.* This point has no application here, where Kaspiev does not possess the prints, which were impounded pursuant to Plaintiff's request (Docket 18), and no creditor is attempting to obtain the prints to satisfy a lien or judgment against Kaspiev. Plaintiff imports into the statute a condition that does not exist – extinguishment of Kaspiev's interest by having invested in the prints. The statute does not so operate, as is apparent from the plain language of the statute and the case Plaintiff relies on. The statute specifically contemplates that the consignor may obtain reimbursement for investment in the works. *See id.* § 12.01(1)(a)(iv). Moreover, in *Wesselman v. Int'l Images, Inc.*, the court held that the consignee there, who had made some financial investment in the art, had a claim to share the profits, which remained to be determined. 657 N.Y.S.2d 284, 288 (Sup. Ct., N.Y. Co. 1996), *aff'd*, 259 A.D.2d 448, 687 N.Y.S.2d 339 (1st Dep't 1999).

Plaintiff's Request for Reconsideration of the Court's Denial of Her Motion for Reconsideration

      Plaintiff's request that this Court reconsider the denial of her motion for reconsideration is absurd. It can and should be summarily denied as a result of Plaintiff's continued refusal to address the appropriate standard for a reconsideration motion, which has been cited to Plaintiff repeatedly by Your Honor, Magistrate Judge Gorenstein, and counsel for Defendant. Plaintiff's five point bullet list is nothing more than a list of disagreements with the Court's reasoning, and they are entirely insufficient grounds for any further reconsideration.

Remaining Discovery to Be Completed

      Kaspiev requests that the conference focus on the remaining discovery the parties need to conclude in this matter. From Kaspiev's perspective, this is limited to Plaintiff's deposition, which should proceed in New York, Defendant's deposition, and Plaintiff's expert document production, which Plaintiff has previously agreed to produce after the entry of a protective order. Kaspiev does not object in principle to the entry of a protective order, but does not want it to be used as a pretext to further delay the conclusion of discovery in this matter.

Respectfully submitted,

*Margaret A. Dale* (signature)

Margaret A. Dale

Proskauer»

The Honorable John F. Keenan
August 20, 2014
Page 3


cc:     Daniel Rothstein, Esq. (by electronic mail and ECF)
        Joshua H. Abramson, Esq. (by electronic mail and ECF)