# Law Office of Daniel J. Rothstein, P.C.

Юридическая контора Д. Ротштейна
(профессиональная корпорация, штат Нью-Йорк)

747 Third Avenue, 32nd Floor         tel. 212-207-8700
New York, NY  10017         fax 212-207-8710
www.danielrothstein.com         Efax 646-304-5476
        djr@danielrothstein.com

August 27, 2014

By ECF and fax - 212-805-4268
Hon. Gabriel W. Gorenstein
United States District Court
500 Pearl St.
New York, NY 10007

Re:  Khaldei v. Kaspiev, No. 10-CV-8328 (JFK) (GWG)

Dear Judge Gorenstein:

On behalf of Plaintiff, I am responding to Defendant's letter of today's date.

I first served Plaintiff's Requests for Admission (copy attached) on the then-applicable discovery deadline, May 15, 2013.  The Requests ask several background questions and one ultimate question:  whether 858 negatives used under the Corbis license agreement are absent from what Defendant deposited with the Court.  (Requests for Admission, No. 10)  Defendant does not deny that this issue is relevant to the parties' claims in the case.  Plaintiff found that the 858 negatives are absent after performing a full inventory of the negatives that Defendant surrendered to the Court and comparing them and their ID number tags with ID numbers and images that Corbis provided during the litigation.  All of the materials on which the inventory is based are cited in the Requests for Admission, and samples of the cited materials are in the binder I submitted to your Honor on August 7.

On May 15, 2013, Defendant objected to responding to the Requests for only one reason: I should have served them thirty days earlier, so that the responses would have been due by the May 15, 2013 discovery deadline.  At the conference before your Honor at 10:30 am on August 21, 2014, your Honor denied my application to compel Defendant to respond to the Requests. The reasons that your Honor stated for denying the application were that I served the Requests too late in 2013 and waited until now to seek an order to compel.

Immediately after the conference before your Honor on August 21, the parties went to the status conference that Judge Keenan had scheduled for 11 am.  At the conference, Judge Keenan set a new discovery deadline of December 1, 2014.  Judge Keenan stated that he wants to "finish the case," and he told the parties they may take "whatever discovery you want."  Neither party had requested such an extension, but I did respond to Judge Keenan that given the opportunity, I would probably take more discovery.  Defendant did not object to the extension of the discovery

deadline and did not request any exceptions to it, including for the Requests for Admission on which your Honor had ruled minutes earlier.

I believe that Judge Keenan's extension of the discovery deadline on August 21 supersedes your Honor's ruling earlier that morning, because your Honor's ruling was based on the prior discovery deadline. Having received a new opportunity to take discovery, I promptly re-served the Requests for Admission concerning the negatives. Defendant would surely not invoke the old discovery deadline against Requests for Admission about other matters. The Requests for Admission about the negatives deserve the same treatment as any new requests and should be responded to in the normal course of discovery.

Contrary to the representation in Defendant's letter, your Honor did not say about the Requests for Admission that "a more appropriate tool regarding the presentation of evidence would be the joint pre-trial order." (Deft. Letter, p. 1) Rather, as I understood, your Honor stated on August 21 that Requests for Admission do not always resolve factual disputes and, in essence, that a pre-trial order can sometimes accomplish the same things as Requests for Admission.

Defendant does not know whether or not the 858 identified negatives are absent from the warehouse. Defendant never took his own full inventory of the negatives since receiving them from Corbis in 1997. Defendant did not even participate in Plaintiff's inventory work in the warehouse. However, Defendant can ascertain whether the negatives are missing, and he has not objected that it would be unduly burdensome. On the other hand, if he is not required to answer the Requests for Admission, he has shown how he would like to deal with Plaintiff's finding that the negatives are missing. As I related in my letter of August 7, defense counsel contends that I "made it up" that negatives are missing. And as I related at the August 21 conference before your Honor, Defendant has threatened to move to disqualify me from representing Plaintiff and to preclude as witnesses my assistants who took the inventory under my supervision. Whether the negatives are in the warehouse is an objective fact that can be settled. It should not be an issue of credibility. Therefore, the issue should be handled by Requests for Admission, not by testimony before a jury and not by motions to disqualify me and preclude witnesses.

Respectfully submitted,
/s/
Daniel Rothstein

cc:  M. Dale, M. Jones, V. Loughery, J. Browning (counsel for Defendant)
     J. Abramson (co-counsel for Plaintiff)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

Anna Efimovna Khaldei,

               Plaintiff                             10-CV-8328 (JFK) (GWG)

                                              ECF Case

                                              **PLAINTIFF'S FIRST SET OF**
                                              **REQUESTS FOR ADMISSION**

               against

Kalman Kaspiev,

               Defendant
-----------------------------------------------------------x

Under Rule 36 of the Federal Rules of Civil Procedure, Plaintiff requests that within thirty days

of service of this document, Defendant admit the truth of the statements below, or if appropriate,

deny or object to them.

1. Evgeny Khaldei and Corbis Corporation concluded a License Agreement in March 1997, which provided for Corbis to take temporary possession of and use certain negatives created by Khaldei.  (KK 12-17)

2. Corbis selected approximately 3,049 negatives for use under the License Agreement. (Corbis 18)

3. Defendant, as the representative of Evgeny Khaldei's heirs, instructed Corbis to return to Defendant negatives created by Mr. Khaldei, and represented to Corbis that Defendant's instruction to Corbis was authorized by Khaldei's heirs.  (Corbis 19)

4. On behalf of Mr. Khaldei's heirs, Defendant received from Corbis negatives created by Mr. Khaldei.

5. Corbis has referred to the License Agreement as Contract No. 826.  (E.g., KK-42-49, P-92-219).

6. Corbis assigned identification numbers in the format YK_ _ _ _ _ _ to negatives used under the License Agreement.  (E.g., KK-42-49, P-92-219)

7. Images used by Corbis under the License Agreement are depicted at P-Corbis.com-239-782 and P-841-845.  (See also P-761, Corbis's explanation of images on its web site and images removed from the web site.)

8. 3,035 images used by Corbis under the License Agreement are listed at P-491-596 (sorted by Corbis ID number) and P-597-703 (sorted by image caption).  (See Corbis transmittal e-mail, May 15, 2012, P-704, also provided herewith as PDF with Excel attachment as sent by Corbis.)

9. Defendant's representatives were present at all times when Plaintiff took inventory of photographic prints and negatives that Defendant deposited with the Court in this litigation.

10. The materials that Defendant deposited with the Court in this litigation do not include 858 negatives listed by Corbis ID number at P-752-757.


_____/s/_____
Daniel J. Rothstein (DR 5440)
Attorney for Plaintiff
Law Office of Daniel J. Rothstein, P.C.
747 Third Avenue, 32nd Floor
New York, NY 10017
tel. 212-207-8700
eFax  646-304-5476
djr@danielrothstein.com
May 15, 2013