# Law Office of Daniel J. Rothstein, P.C.

Юридическая контора Д. Ротштейна
(профессиональная корпорация, штат Нью-Йорк)

| | |
|---|---|
| 747 Third Avenue, 32nd Floor | tel. 212-207-8700 |
| New York, NY  10017 | fax 212-207-8710 |
| www.danielrothstein.com | Efax 646-304-5476 |
| | djr@danielrothstein.com |

August 28, 2014

<u>By ECF and fax - 212-805-4268</u>
Hon. Gabriel W. Gorenstein
United States District Court
500 Pearl St.
New York, NY 10007

    Re: <u>Khaldei v. Kaspiev</u>, No. 10-CV-8328 (JFK) (GWG)

Dear Judge Gorenstein:

  I am writing in response to Defendant's letter of today's date, further to the parties' letters to your Honor of August 27.

  Defendant does not dispute the main points in my rebuttal of their letter of August 27:

1. In extending the discovery deadline until December 1, Judge Keenan stated that the parties may take "whatever discovery [they] want."

2. Defendant did not ask Judge Keenan to narrow the scope of additional discovery to be taken.

3. The question of whether 858 negatives used under the Corbis agreement are missing is a relevant, objective fact that Defendant can ascertain without undue burden.

  Rather, Defendant now argues that the Court should reconsider Judge Keenan's ruling and limit discovery to party and expert depositions.  (Deft. Letter, p. 2)  However, because Defendant did not ask Judge Keenan to limit discovery, the argument is new, and is not a proper basis for a motion for reconsideration.  The argument also fails because Defendant does not assert that Judge Keenan was unaware that he was expanding the scope of remaining discovery; thus, Defendant is not raising an issue that Judge Keenan overlooked.

  As for the utility of requests for admission, your Honor stated on August 21:  "I certainly don't want to have time wasted proving things that parties are admitting."  (Tr. 9:13-17)  That concern does not apply here, because Defendant does not admit that the 858 negatives are missing from the materials he deposited with the Court.

  Defendant notes that your Honor commented that disputes over the responses to Plaintiff's requests "could drag this case out even further."  (Deft. Letter, p. 1 fn. 1)  In my understanding, however, this was a general observation about requests for admission.  Defendant does not assert that there might be disputes over whether the negatives at issue are in the

warehouse.  With professional help and at great expense, Plaintiff has created order out of the mess that Defendant made with the negatives.  All negatives are now in binders.  Plaintiff took high-definition photographs of the negatives in their binder pages.  The present negatives and the missing negatives are identified by Corbis's ID numbers and the digital photographs that Corbis created from its scans of the negatives.  If the 858 negatives that Plaintiff could not find are in the warehouse, Defendant can find them either by taking his own inventory in the warehouse or by reviewing the materials from Plaintiff's inventory, which Plaintiff shared with Defendant when Plaintiff took the inventory.

Since I first brought this dispute to your Honor's attention in early August, defense counsel has abandoned the contention that I "made it up" that 858 negatives are missing.  Moreover, counsel has not shown that there was anything real in their offer on May 15, 2013 to cooperate "in good faith to try to streamline the presentation of evidence."  Defendant simply does not want to know whether the negatives are missing.  In light of the Court's expansion of the scope of remaining discovery, Defendant no longer has an excuse to avoid the question.

                                        Respectfully submitted,
                                        /s/
                                        Daniel Rothstein

cc:  M. Dale, M. Jones, V. Loughery, J. Browning (counsel for Defendant)
     J. Abramson (co-counsel for Plaintiff)