# Law Office of Daniel J. Rothstein, P.C.

Юридическая контора Д. Ротштейна
(профессиональная корпорация, штат Нью-Йорк)

| | |
|---|---|
| 747 Third Avenue, 32nd Floor | tel. 212-207-8700 |
| New York, NY  10017 | fax 212-207-8710 |
| www.danielrothstein.com | Efax 646-304-5476 |
| | djr@danielrothstein.com |

September 10, 2014

<u>By ECF and fax - 212-805-4268</u>
Hon. Gabriel W. Gorenstein
United States District Court
500 Pearl St.
New York, NY 10007

                Re:  <u>Khaldei v. Kaspiev</u>, No. 10-CV-8328 (JFK) (GWG)

Dear Judge Gorenstein:

      On behalf of Plaintiff, I am writing to request a conference on an unresolved pleading issue that could raise a number of disputes, including over the attorney-client privilege in connection with Defendant Kaspiev's deposition, which must take place before December 1, the discovery deadline.

      Kaspiev alleges, but has never pleaded, that on December 14, 1997, when he received approximately 248 photographs from Plaintiff, he did not receive them as Plaintiff's agent. Rather, Kaspiev alleges that he orally agreed with Plaintiff to acquire a 50% ownership interest in the ~248 photographs (the number is disputed), and in exchange for his ownership share he gave Plaintiff $7,500.  Kaspiev further alleges that he and Plaintiff agreed that he would sell the photos and they would share the income.  No document mentions such an agreement or payment, and Plaintiff denies that there was such an agreement or payment.

      Kaspiev's allegations first appeared in the record in his March 2013 affidavit opposing Plaintiff's motion for partial summary judgment on her claim for replevin.  Kaspiev's allegations contradict four prior statements by his attorneys:

(1) The Answer, which was signed by defense counsel, does not assert an ownership interest in any of the materials Plaintiff seeks to recover.

(2) On March 18, 2011, when Kaspiev opposed Plaintiff's request to impound the Khaldei materials in Kaspiev's possession, defense counsel wrote to Judge Keenan that Kaspiev "does not claim to be the current title-holder to the property," but asserts only a security interest based on Plaintiff's "failure to pay monies owed to him."

(3) Defense counsel's March 18, 2011 letter also mentioned that they had disclaimed Kaspiev's title to any of the Khaldei materials at a court conference on March 11, 2011.

(4) In August 2011, Kaspiev's attorneys responded to my request that Kaspiev account for the materials he received as agent for Plaintiff or her father. Counsel wrote: "Mr. Kaspiev received 248 photographs as agent for Evgeny Khaldei or his heirs." Counsel's letter did not state that Kaspiev was a co-owner of any of the photographs.

In November 2011, when Kaspiev opposed Plaintiff's request to allow the *New Yorker* magazine to publish pictures of the impounded materials, his counsel stated to your Honor: "Mr. Kaspiev did provide an advance of monies in exchange for plaintiff to provide some of these materials to him." (ECF 34, Tr. 16:16-17) I responded: "There was no advance from Kaspiev." (Tr. 17:13-15) The next day, I wrote to opposing counsel: "You said during the court conference yesterday that Kaspiev's agency is with an interest because he advanced money to Plaintiff. Were you referring to the $1,250 in taxes and $6,000 in expenses described in the Answer (par. 11-12) or something else?" Counsel never answered.

Regarding his alleged payment of $7,500 for his co-ownership interest, Kaspiev relies on a document dated December 14, 1997, in which Plaintiff acknowledged that she and her father received $20,000 from Kaspiev in 1997. According to Kaspiev, this amount includes $7,500 for his share of the 248 photographs. The document does not break down the $20,000 sum or state the reason(s) for the payment(s) it comprised. Furthermore, the $20,000 sum almost matches a total of $19,750 in payments to Plaintiff that Kaspiev listed in his pleading: $1,250 and $6,000 mentioned above, and a $12,500 advance on royalties from Corbis Corporation. Plaintiff has admitted the payments of $12,500 and $1,250. She does not deny the $6,000 item. (Pltf. Answer to Counterclaim ¶¶ 8-12)

Finally, during settlement communications in 2010, Kaspiev wrote that in 1996-97, he gave Plaintiff and her father $25,500 in royalties, including $12,500 from Corbis, $8,000 from a San Francisco gallery and unnamed private collectors, and $5,000 from the Library of Congress. Kaspiev sold photos to the Library of Congress in 1996. Khaldei had exhibits in San Francisco and elsewhere in the United States only in 1997. Thus, it seems impossible to reconcile Kaspiev's 1996-97 numbers with his assertion that the $20,000 that he gave Plaintiff and her father in 1997 included $7,500 for a 50% interest in the prints. At the January-February 2014 evidentiary hearing, Kaspiev volunteered both the fact and the alleged substance of the 2010 settlement communications. (Tr. 55:25 – 56:24) With this testimony, Kaspiev waived the confidentiality of those communications.

If Kaspiev were to move to amend his pleading, the Court could deny the motion "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." TechnoMarine SA v. Giftports, Inc., --- F.3d ---, 2014 WL 3408570, *8 (2d Cir. July 15, 2014). The deadline for amending pleadings was in April 2011. (ECF 13) Kaspiev produced the December 14, 1997 receipt for $20,000 on May 6, 2011. Kaspiev's attorneys mentioned (albeit vaguely) an investment in the photos to your Honor in November 2011. By refraining from

2

requesting leave to amend his pleading, Kaspiev seems to be trying to avoid three things: (1) an explanation of how and when he discovered his ownership claim, (2) an explanation of the claim's good faith and merit in light of the contrary evidence, including defense counsel's admissions that Kaspiev does not claim title to the materials, and (3) putting Kaspiev's communications with his attorneys at issue and subjecting them to disclosure.

For these reasons, Kaspiev should be required to either move for leave to amend his pleading or abandon his co-ownership claim. In the alternative, Kaspiev should at least be required to state how and when he discovered his ownership claim and explain the contradiction between the claim and his counsel's prior denials of such a claim. Such an affidavit might put into clearer focus the issue of whether Kaspiev's communications with his attorneys are at issue and subject to disclosure by production of documents and/or testimony at deposition. See American Home Assurance Co. v. Fremont Insurance Co., 1993 WL 426984, **5-6 (S.D.N.Y.) (permitting discovery of attorney-client material relevant to party's state of mind in delaying claim).

Even if Kaspiev is permitted to allege co-ownership of the photographs, he should be required to do so formally in an amended pleading. As things stand, Kaspiev has not stated a claim; he has not requested relief based on his alleged co-ownership. Presumably, he does not want to stay in limbo with Plaintiff and the photographs. If Kaspiev wants partition or some other remedy, he should claim it. Similarly, Plaintiff should be permitted to plead her responses to an ownership claim by Kaspiev. Plaintiff would at least request rescission, damages for breach of contract, and partition.

Because of Kaspiev's co-ownership allegation, Judge Keenan denied Plaintiff's motion for partial summary judgment on her replevin claim in December 2013. One reason for this ruling could have been the preliminary nature of Plaintiff's motion and the fact that the parties had not been deposed. Thus, the denial of partial summary judgment should not be seen as an implicit grant of leave to amend Kaspiev's pleading. Also, as noted above on page 2, new evidence contradicting Kaspiev's co-ownership story became available in the evidentiary hearing early this year.

Counsel for the parties have discussed privilege and many of the other issues above in correspondence and briefly in court before the September 5 conference at which your Honor presided. The parties have not reached agreement on any of the issues.

                                  Respectfully submitted,
                                  /s/
                                  Daniel Rothstein

cc: M. Dale, M. Jones, V. Loughery, J. Browning (counsel for Defendant)
    J. Abramson (co-counsel for Plaintiff)