UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANNA EFIMOVNA KHALDEI,　　　　　　　　　　:

　　　　　　　Plaintiff,　　　　　　　　　　　　　:　　ORDER

　　-v.-　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　10 Civ. 8328 (JFK) (GWG)
KALMAN KASPIEV,　　　　　　　　　　　　　　　:

　　　　　　　Defendant.　　　　　　　　　　　　:
-----------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

　　　The Court is in receipt of letters dated September 10 and 14, 2014 from plaintiff, and a responsive letter dated September 12, 2014 from defendant (Docket ## 171, 173, 174).

　　　It is unclear what relief plaintiff is seeking. To the extent plaintiff seeks to have this Court issue an order requiring defendant to make a motion to amend his answer, that application is denied. The Court is unaware of any authority that would support the issuance of such an order, nor has plaintiff cited any.

　　　To the extent plaintiff seeks a ruling on attorney-client privilege with regard to potential testimony of the defendant, that application is denied as unripe. If the defendant declines to answer a question at deposition on grounds of privilege, plaintiff will be entitled to make an application that addresses the specific question or questions the defendant declined to answer.

　　　Finally, the Court takes no position on the issue of whether defendant's ownership claim should be the subject of an amended answer (though, given that the issue has now been raised by defendant, the Court will waive the pre-motion conference for such a motion if defendant chooses to make one). For the parties' assistance, the Court notes that amendments to pleadings must be granted freely and in light of the fact that discovery remains open, it is difficult to understand what prejudice could arise from expecting plaintiff to adduce proof countering defendant's ownership claim.[1]

---

[1] Assuming arguendo that the claim of ownership constitutes an affirmative defense (a contention that seems to be of some significance to the plaintiff), the Court notes that a court's obligation to freely allow the amendment of pleadings applies equally to an amendment adding an affirmative defense. See, e.g., Boda v. Phelan, 2012 WL 3241213, at * 2 (E.D.N.Y. Aug. 6, 2012). Indeed, courts allow the addition of affirmative defenses as late as the summary judgment stage of a case in the absence of a showing of prejudice. See, e.g., Carnley v. Aid to Hospitals, Inc., 975 F. Supp. 252, 255 (W.D.N.Y. 1997) (citing cases); Firemen's Ins. Co. of Washington D.C. v. Onwualia, 1994 WL 706994, at *5 (S.D.N.Y. Dec. 19, 1994); Steinberg v. Columbia Pictures Indus., Inc., 663 F. Supp. 706, 715 (S.D.N.Y. 1987).

SO ORDERED.

Dated: September 15, 2014
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge