UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANNA EFIMOVNA KHALDEI,                          :

        Plaintiff,                          :        OPINION AND ORDER

  -v.-                                                      :        10 Civ. 8328 (JFK) (GWG)

KALMAN KASPIEV,                                   :

        Defendant.                          :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff has moved pursuant to Rule 54.2 of the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York for an order requiring that defendant be required to post a bond for costs.[1] Those costs include "approximately $500 per month for storage and insurance of the photos and negatives since July 2013" and deposition costs. Pl. Nov. 3 Ltr. at 2-3. Defendant opposes this request.

Local Civil Rule 54.2 provides that "[t]he Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate." "Courts have broad discretion in deciding whether a party should be required to post such a bond." E.g., Beautiful Jewellers Private Ltd. v. Tiffany & Co., 2008 WL 2876508, at *2 (S.D.N.Y. July 21, 2008) (citations omitted). To decide whether to require a bond under Local Civil Rule 54.2, a court considers these factors:

---

[1] Letter from Daniel Rothstein, filed Nov. 3, 2014 (Docket # 178) ("Pl. Nov. 3 Ltr."); Letter from Daniel Rothstein, filed Nov. 14, 2014 (Docket # 185) ("Pl. Nov. 14 Ltr."); Letter from Daniel Rothstein, filed Dec. 2, 2014 (Docket # 195); see also Letter from Margaret A. Dale, filed Nov. 7, 2014 (Docket # 183) ("Def. Ltr.").

> (1) the financial condition and ability to pay of the party who would post the bond, (2) whether the party is a non-resident or foreign corporation, (3) the merits of the underlying claims, (4) the extent and scope of discovery, (5) the legal costs expected to be incurred, and (6) compliance with past court orders.

E.g., Sea Trade Co. Ltd. v. FleetBoston Fin. Corp., 2008 WL 161239, at *1 (S.D.N.Y. Jan. 15, 2008) (citation and quotation marks omitted). Plaintiff argues that defendant should be required to post a bond because (1) defendant claims he lacks assets, (2) plaintiff is likely to prevail in the action, and (3) defendant "has no incentive to avoid the risk of a judgment or hold down Plaintiff's costs." Pl. Nov. 3 Ltr. at 1-2.

We find that the only factor that favors plaintiff's application is the first. As to that factor, defendant concedes that his financial condition weighs in favor of the bond. See Def. Ltr. at 1. The other factors, however, weigh against granting the bond. As to the second factor, defendant is a resident of this district. Id. at 2. Third, "[t]here are substantive issues in the underlying action that have not yet been resolved." RLS Assocs., LLC v. United Bank of Kuwait PLC, 2005 WL 578917, at *3 (S.D.N.Y. Mar. 11, 2005), adhered to on reconsideration, 464 F. Supp. 2d 206 (S.D.N.Y. 2006); see also K.M. v. Maclaren USA, Inc., 2011 WL 1900137, at *5 (S.D.N.Y. Apr. 7, 2011) ("While each party asserts that they believe they will win on the merits, the case has not been sufficiently developed to suggest that either is likely to prevail."). Fourth, discovery in this case is "perhaps extensive [but] not particularly unusual in its magnitude." RLS Assocs., 2005 WL 578917, at *1. Fifth, the only costs that plaintiff specifically identifies are "approximately $500 per month for storage and insurance of the photos and negatives since July 2013," plus the two party depositions and "probably a few non-party depositions." Pl. Nov. 3 Ltr. at 2-3. These costs are significant but not unusual. Sixth, plaintiff claims that defendant violated Judge Keenan's Order of March 29, 2011 (Docket # 18), which

required defendant to surrender Khaldei photographs and negatives. See Pl. Nov. 14 Ltr. at 2. This argument, however, was made for the first time in plaintiff's reply letter, and thus defendant has not had an opportunity to respond to it. In any event, defendant has explained his conduct regarding the surrender of the materials, see Declaration of Kalman Kaspiev, filed June 27, 2013 (Docket # 100), ¶¶ 10-16, and the Court is unable to find that defendant's conduct constituted a willful violation of any Court order. Therefore, none of the last five factors weigh in favor of requiring defendant to post a bond.

Plaintiff contends that defendant's lack of assets alone is sufficient to justify requiring the bond. See Pl. Nov. 3 Ltr. at 1 (quoting Sea Trade, 2008 WL 161239, at *2). However, "if it is ever appropriate to rely solely on this single factor, it must only be in the most compelling circumstances, lest the courthouse doors be routinely closed on impecunious litigants." Gary Friedrich Enters., LLC v. Marvel Enters., Inc., 2010 WL 3452375, at *3 (S.D.N.Y. Sept. 1, 2010). Indeed, in the case cited by Sea Trade to support the proposition that the first factor alone may be sufficient to require a bond, Atlanta Shipping Corp. v. Chemical Bank, 631 F. Supp. 335 (S.D.N.Y. 1986), aff'd, 818 F.2d 240 (2d Cir. 1987), the party at issue was a foreigner with no assets who was also a debtor in bankruptcy. See id. at 337, 352-53. Atlanta Shipping Corp. thus presented an "extreme set[] of facts." Gary Friedrich Enters., 2010 WL 3452375, at *3. Similarly, in Sea Trade itself, the court required a bond from two foreign corporations: one of which was a shell corporation with no assets, and the other of which was in bankruptcy and whose only asset was subject to a lien. See 2008 WL 161239, at *2-3.

Here, the defendant has been a resident of the United States for over 35 years. Even if he has no assets now, he has a colorable claim to at least some of the photographs at issue in this case or the income therefrom. He has made himself available for all required court appearances.

3

Nothing suggests that this case presents "compelling circumstances" that should require him to post a bond. Plaintiff argues that, without a bond, defendant "has no incentive to avoid the risk of a judgment or hold down Plaintiff's costs." Pl. Nov. 3 Ltr. at 2. But this could be said of any impoverished defendant, and we decline to create a rule that such a defendant must always post a bond.

For the foregoing reasons, plaintiff's motion to require defendant to post a bond for costs pursuant to Local Civil Rule 54.2 is denied.[2]

SO ORDERED.

Dated: December 30, 2014
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[2] Plaintiff's alternative request — that defendant's counsel be required to post the bond, see Pl. Nov. 3 Ltr. at 2; Pl. Nov. 14 Ltr. at 2 — is unsupported by any citation to legal authority. Given the plain language of Local Civil Rule 54.2, which states only that a "party" may be required to post a bond for costs, this request has no merit.